**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3162
_____

IN RE: L. D. FORD,

Petitioner

_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Fed. R. App. P. 21
on January 2, 2025

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: January 28, 2025)

_____

_____

OPINION[*]

_____

PER CURIAM

Larry Donnell Ford petitions this Court for a writ of mandamus to compel the named state officers and the Southern District of Texas to act on his claims under the Fair Housing and Elder Abuse Acts. He also seeks $420 million in damages and injunctive relief. We decline to issue the writ, as this Court lacks authority to enter such a writ against these parties.

Our mandamus authority is derived from 28 U.S.C. § 1651, which grants federal courts the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). Traditionally, the writ may only be used to "confine an inferior court to a lawful exercise of its prescribed jurisdiction." *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976) (internal quotation marks omitted). As a result, this Court's authority to issue the writ under 28 U.S.C. § 1651 "lies in cases in which potential appellate jurisdiction exists." *In re Richards*, 213 F.3d 773, 779 (3d Cir. 2000).

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Here, Ford requests the issuance of a writ to compel every governor and state attorney general in the country to comply with the Fair Housing Act, as well as an order compelling the Southern District of Texas to act on his pending case. This Court lacks the authority to issue writs of mandamus to compel action by state officials. *See In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked authority "to issue a writ of mandamus compelling action by a state official"). Similarly, this Court lacks authority to issue a writ to compel a court outside of the Third Circuit. *See* 28 U.S.C. § 1651.

As a result, Ford's petition for a writ of mandamus will be denied.